UNITED STATES DISTRICT COURT
Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| AMY CONRAD ROSS and | § | |
| CONRAD ROSS | § | CASE NUMBER: |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| NCS a/k/a/ | § | |
| NATIONWIDE CREDIT SERVICES | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Preliminary Statement**

1.  Plaintiffs, AMY CONRAD ROSS and CONRAD ROSS, ("Plaintiffs") bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2.  Defendant, NCS a/k/a NATIONWIDE CREDIT SERVICES ("NCS") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiffs, arising from a purported obligation on several student loans. The obligations ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendants transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, NCS, is a collection agency believed to be based in South Carolina and is in the business of collecting consumer debt in the Northern District of Texas. The principal purpose of NCS's business is the collection of consumer debts using the mail and telephone. NCS regularly attempts to collect consumer debts for others. NCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). NCS is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9.     Plaintiff, Amy Conrad Ross, ("Plaintiff Conrad") is an individual who resides in Tarrant County, Texas and is a consumer as defined by the FDCPA.

10.    Plaintiff, Conrad Ross, ("Plaintiff Ross") is an individual who resides in Tarrant County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

11.    On or about May 13, 2014, Defendant, called Plaintiff Conrad and left a voicemail on her phone in regards to a debt Defendant was attempting to collect on behalf of HSBC.

12.    During the May 13, 2014 voicemail Defendant stated that they were calling regarding check fraud charges being filed against Plaintiffs and that Plaintiffs needed to contact Defendant at 877-308-4235 and reference case number C1460203.

13.    Later that day, May 13, 2014, Plaintiff Conrad returned the call to Defendant and spoke to a representative named Marcus Jordan. Mr. Jordan was quite terse with Plaintiff Conrad and stated that they were calling in regards to a debt owed by her husband, Plaintiff Ross.

14.    During the May 13, 2014 telephone call, Mr. Jordan stated that would contact Plaintiff Conrad's payroll department in order to initiate wage garnishment against her and provided Plaintiff Conrad with the telephone number of her payroll department.

15.    During the May 13, 2014 telephone call Plaintiff Conrad asked to have more time to discuss the matter with her husband as she was unaware of this outstanding debt. Mr. Jordan demanded payment of $11,000 to resolve the debt but that he would allow her to break up the payment into payments of $1,500 down and then 10 payments of $350 per month. Plaintiff Conrad again stated that she needed to speak to her husband about the matter but then Mr. Jordan abruptly interrupted her stated that if she hung up

the phone that he would call her payroll department and start the verification process for wage garnishment.

16. During the May 13, 2014 telephone call Plaintiff Conrad asked Mr. Jordan to provide some sort of documentation in regards to the claim, Mr. Jordan refused.

17. During the May 13, 2104 telephone call Plaintiff Conrad distraught over the fact that Defendant was going to contact her payroll department and start garnishing her wages, agreed to the payment plan and provided Mr. Jordan with her bank account information.

18. On or about May 13, 2014 Defendant sent Plaintiffs the attached settlement letter. See attached Exhibit "A".

19. After discussing the matter further with her husband later than night Plaintiff Conrad decided to cancel the payment plan and attempted 5 times over the next 9 days to reach someone at Defendant's office to cancel the payment arrangement, but was unsuccessful. As such Plaintiff Conrad went to her bank and informed them of the events and closed her bank account.

20. On or about May 30, 2014, a representative named Nathan from Defendant's office called Plaintiff Conrad and advised her that the payment was returned and that they were beginning legal review of her case as she had now committed fraud.

21. On or about May 30, 2014, Plaintiff Conrad received notice from her sister that she had received a telephone call from Defendant in regards to Plaintiff Conrad's check fraud account with them.

22. On or about May 30, 2014, Plaintiff Conrad called Defendant again and spoke with Mr. Jordan who was very belligerent and stated that they were going to verify Plaintiffs assets and force liquidation to pay their accounts in full.

23. On or about June 2, 2014, Plaintiffs received notice from several of their relatives that Defendant was calling them seeking information to sue and or foreclose on Plaintiffs' home to pay their delinquent debts.

24. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

25. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

26. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiffs have suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiffs should be compensated in an amount to be proven at trial.

27. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Respondeat Superior Liability**

28. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

29. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts against Plaintiffs, these agents of Defendant were motivated to benefit their principal, the Defendant.

31. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiffs.

## COUNT I
## Violations Of The FDCPA

32. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. Threatening criminal prosecution for check fraud, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

    b. Threatening to garnish the wages of Plaintiff, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

    c. Threatening to contact 3rd parties, namely Plaintiff's payroll department, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

    d. Accusing the Plaintiff committing a crime, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

    e. Attempting to process payment on Plaintiffs bank account even thought Plaintiff had revoked authorization, which violates 15 U.S.C. § 1692d, e, f, f2, f3, f4 and f6 amongst others.

  f. Communicating with 3ʳᵈ parties in regards to the debt, namely Plaintiffs sister and other relatives, which violates 15 U.S.C. § 1692c(b), d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

  g. Threatening to liquidate Plaintiffs' assets, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

  h. Threating to foreclose on Plaintiffs' home, which violates 15 U.S.C. § 1692d, e, e2, e3, e4, e5, e7, e10, f, and f6 amongst others.

33. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II
### Violations of the Texas Debt Collection Act

34. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

  a. Threatening criminal prosecution for check fraud, which violates Sec. 392.301(a)(1), (a)(2), (a)(5), (a)(6), (a)(8), 392.302(1), and 392.304(a)(8) amongst others.

  b. Threatening to garnish the wages of Plaintiff, which violates Sec. 392.301(a)(1), (a)(2), (a)(5), (a)(6), (a)(8), 392.302(1), and 392.304(a)(8) amongst others.

  c. Threatening to contact 3ʳᵈ parties, namely Plaintiff's payroll department, which violates which violates Sec. 392.301(a)(1), (a)(2), (a)(3), (a)(7), (a)(8), 392.302(1), and 392.304(a)(8) amongst others.

  d. Accusing the Plaintiff committing a crime, which violates Sec. 392.301(a)(1), (a)(2), (a)(5), (a)(6), (a)(8), 392.302(1), and 392.304(a)(8) amongst others.

  e. Attempting to process payment on Plaintiffs bank account even thought Plaintiff had revoked authorization, which violates Sec. 392.301(a)(1), (a)(8), 392.303 (3), and 392.304(a)(8) amongst others.

  f. Communicating with 3ʳᵈ parties in regards to the debt, namely Plaintiffs sister and other relatives, which violates Sec. 392.301(a)(1), (a)(2), (a)(3), (a)(5), (a)(6), (a)(7), (a)(8), 392.302(1), (2), (4), 392.303(2), (3), 392.304(a)(1)(A), (a)(4),

(a)(5), (a)(6), (a)(7), (a)(8) amongst others.
g. Threatening to liquidate Plaintiffs' assets, which violates Sec. 392.301(a)(1), (a)(2), (a)(3), (a)(5), (a)(6), (a)(7), (a)(8), 392.302(1), (2), (4), 392.303(2), (3), 392.304(a)(1)(A), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8) amongst others.
h. Threating to foreclose on Plaintiffs' home, which violates Sec. 392.301(a)(1), (a)(2), (a)(3), (a)(5), (a)(6), (a)(7), (a)(8), 392.302(1), (2), (4), 392.303(2), (3), 392.304(a)(1)(A), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8) amongst others.
i. Failing to maintain the required bond in violation of Sec. 392.101(a).
j. In connection with the collection letter already attached hereto as Exhibit "A", the violations include Sec. 392.304(a)(1), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), (a)(12) and (a)(13) amongst others.

35. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render them liable to Plaintiffs for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT III
### Violations of the Texas Deceptive Trades Practices Act

36. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

   a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

37. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them liable to Plaintiffs for injunctive relief and reasonable attorney's fees.

## COUNT IV
### Invasion of Privacy by Intrusion Upon Seclusion

38. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its finings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

40. Defendant and/or its agents intentionally and/or negligently and/or recklessly interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

41. Defendant and its agents intentionally and/or negligently and/or recklessly caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

42. The conduct of Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a person in that position.  In applying the "least sophisticated consumer" axiom, such conduct on the part of Defendant was, and is, reprehensible and compensable.

43. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages from Defendant in an amount to be determined at trial.

## COUNT V
### Exemplary Damages

44. In addition, exemplary damages should be awarded against Defendant because the harm caused to Plaintiffs by virtue of Defendant's conduct in negligently,

recklessly and intentionally using lies, false claims that Plaintiffs committed a crime, claims of fraud, threats of wage garnishment, threats to liquidate the Plaintiffs assets and communicating with 3rd parties toward Plaintiffs that were done maliciously, negligently and recklessly.

45.  Defendant's conduct constituted "gross negligence" in issuing such offensive conduct towards the Plaintiffs.

46.  Defendant's conduct in using lies false claims that Plaintiffs committed a crime, claims of fraud, threats of wage garnishment, threats to liquidate the Plaintiffs assets and communicating with 3rd parties, was done maliciously, negligently, and recklessly, rendering Defendant liable for Exemplary Damages to each Plaintiff.

47.  Therefore, Plaintiffs seek actual and/or available statutory and exemplary damages from Defendant that they have sustained as a direct and proximate result of such violation, attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiffs, Amy Conrad and Conrad Ross, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;
2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;
3. Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;
4. Grant such further relief as deemed just.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment
_____

James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
1800 S. Mason Rd.,
Suite 240
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF